UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60742-CIV-COHN

YALE GALANTER, P.A. and YALE GALANTER,

Magistrate Judge Seltzer

    Plaintiffs,

vs.

CHARLES E. JOHNSON, JR., and NATIONAL UNION
FIRE INSURANCE CO. OF PITTSBURGH PA, INC.,

    Defendants.
_____/

**ORDER GRANTING BILL OF COSTS**
**ORDER DENYING MOTION TO DISALLOW BILL OF COSTS**

THIS CAUSE is before the Court upon Defendant National Union Fire Insurance Co. Of Pittsburgh Pa, Inc.'s Bill of Costs [DE 116], Plaintiffs' Motion for Disallowance of Costs and Motion for Court Review [DE 118], Plaintiffs' Request for Hearing [DE 119] and National Union's Response to Plaintiffs' Motions [DE 120]. The Court has carefully considered the motions and is otherwise fully advised in the premises.

On January 31, 2008, this Court entered a final summary judgment against Plaintiffs and in favor of Defendant National Union Fire Insurance Co. Of Pittsburgh Pa, Inc. ("National Union") [DE 107]. On February 28, 2008, National Union timely filed a Bill of Costs, seeking a total of $5,480.14 of costs. Plaintiffs move to disallow the costs and object to some of the costs.

Plaintiffs' first argument is that because they have appealed this Court's grant of National Union's motion for summary judgment pursuant to a Rule 54(d) certification, that this Court should defer ruling upon the present bill of costs until after the appeal is resolved. National Union opposes this motion. While the Court understands it has the

authority to deny the bill of costs without prejudice to refiling after resolution of the appeal, the Court prefers to rule upon the motion at this time and enter a judgment for costs.

Plaintiffs' second argument is that the costs for copies of papers is unreasonable. Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs."  Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 U.S. 437, 445 (1987).

In this case, National Union seeks taxation of costs pursuant to 28 U.S.C. § 1920(2), "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;" and §1920(4) "Fees for exemplification and copies of papers necessarily obtained for use in the case."  National Union seeks $3,906.11 in fees for the court reporter and transcripts of certain depositions and $1,574.03 in fees for copying and exemplification.  Plaintiffs object to the copying costs, asserting that given electronic filing, the amount of copying costs sought by National Union is unreasonable.

The Court notes that general copying is not taxable under section 1920. Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir.1996).  However, in this case,

2

National Union has met its burden to show that the costs claimed for copies were necessary for the defense of the case.  National Union has submitted invoices for the outside vendor copying costs, and its in-house copying rate is $0.10.  Moreover, National Union has justified the amount of copies needed given the document nature of this insurance coverage action, the number of insurance companies involved earlier in the case, and the copying needed for the depositions in the case.  The Court concludes after its review that all of the copying costs are reasonable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant National Union Fire Insurance Co. Of Pittsburgh Pa, Inc.'s Bill of Costs [DE 116] is hereby **GRANTED**;

2. Plaintiffs' Motion for Disallowance of Costs [DE 118] is hereby **DENIED**, while their Motion for Court Review [DE 118] is hereby **GRANTED**;

3. Plaintiffs' Request for Hearing [DE 119] is hereby **DENIED**;

4. The Court will separately enter judgment for costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of April, 2008.

JAMES I. COHN
United States District Judge

copies to:

Ileen J. Cantor, Esq.
Charles E. Johnson, Jr., pro se
Mark Shaprio, Esq./Gary Guzzi, Esq.